UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAY ANTHONY EDDINGTON,

    Defendant.

Case No. 25-20037
Hon. Stephen J. Murphy



FILED
JAN 08 2026
CLERK'S OFFICE
DETROIT

**DEFENDANT'S MOTION FOR DELAYED SELF-SURRENDER DATE**

NOW COMES Defendant Ray Anthony Eddington respectfully moves this Honorable Court for entry of an Order permitting him to voluntarily surrender to the Bureau of Prisons at a delayed self-surrender date in September 2026, rather than being remanded immediately or required to surrender at an earlier date. This Motion is brought pursuant to 18 U.S.C. §§ 3143(a), 3553(a), 3561, and 3583(d), and U.S.S.G. §§ 5B1.1, 5C1.1, and 5F1.2, together with this Court's inherent authority to manage post-sentencing custody determinations.

## I. AUTHORITY

Federal courts possess broad discretion to authorize voluntary self-surrender and to set future surrender dates where the defendant presents no risk of flight or danger to the community and where delayed surrender advances the purposes of sentencing under 18 U.S.C. § 3553(a).

## II. GROUNDS SUPPORTING DELAYED SELF-SURRENDER

**A. Exemplary Pretrial Compliance**

Mr. Eddington has been under U.S. Pretrial Services supervision for nearly three years and has complied fully with all bond conditions without violation.

### B. Family Responsibilities and Educational Milestones

Mr. Eddington shares custody of two daughters:

- One daughter completes her academic school year in June 2026.
- His second daughter will graduate from a high school vocational culinary arts program in August 2026.

Courts recognize that extraordinary family responsibilities warrant consideration when implementing sentences. See United States v. Johnson, 964 F.2d 124, 128 (2d Cir. 1992).

### C. Employment, Rehabilitation, and Restitution

Mr. Eddington has remained lawfully employed and financially supporting his dependents while preparing for restitution payments. Continued employment promotes rehabilitation and accountability objectives. See United States v. Menyweather, 447 F.3d 625, 634 (9th Cir. 2006).

### D. Public Safety

The offense is non-violent and economic in nature. Mr. Eddington poses no danger to the community and there is no evidence of recidivist conduct.

### III. REASONABLENESS OF SEPTEMBER 2026 SURRENDER

A September 2026 surrender date is reasonable as it:

- Allows both daughters to complete key educational milestones;
- Permits stable family transition planning;
- Enables continued employment and restitution preparation; and
- Preserves full judicial and probation supervision.

## IV. REQUESTED RELIEF

Defendant respectfully requests that the Court:

1. Grant voluntary delayed self-surrender;
2. Continue release under current conditions or probation supervision; and
3. Order surrender to the Bureau of Prisons in September 2026 on a date designated by BOP or the United States Probation Office.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Motion be GRANTED.

Respectfully submitted,

**RESPECTFULLY SUBMITTED:**

_____
Ray Anthony Eddington
Defendant

Dated: 1-8-26

22778 S Bellwood
Southfield MI 48034

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 25-20037
Hon. Stephen J. Murphy

v.

RAY ANTHONY EDDINGTON,

    Defendant.

_____/

**PROPOSED ORDER**

IT IS HEREBY ORDERED that Defendant's Motion for Voluntary Surrender and Request for Delayed Self-Surrender Date is GRANTED.

Defendant Ray Anthony Eddington shall surrender to the Bureau of Prisons in September 2026 on a date and at a facility designated by the Bureau of Prisons or the United States Probation Office.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: _____